# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PICOZZI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2033 |
| | : | |
| SUE MCKEOWN, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                                                    **MAY 21, 2018**

      Thomas Picozzi, proceeding *pro se*, filed the instant civil action against Sue McKeown, Frank McKeown, Terry McKeown, Paddie Riley, and Francis Janson (identified in the caption as Frais Janson). He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2.) For the reasons set forth below, the Court will grant Picozzi leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTS

      In his Complaint, Picozzi alleges that he was previously married to Sue McKeown and that he fathered children with her whom she hid from him. The Complaint also suggests that he had a child or children with Paddie Riley, who likewise hid the children from Picozzi. Picozzi alleges that he called Sue McKeown's family and that "Frank this brother did this stuff on T.V. to [him] that[']s how [he] found there [sic] name out." (Compl. ECF No. 2, at 7.)[1] Picozzi adds that "they did a lot of stuff on this T.V. stuff with these kid must bug you house." (*Id.*)

---

[1] The Court uses the pagination assigned to the Complaint by the CM-ECF system.

In the section of the form Complaint that asks for a description of any injuries, Picozzi alleges that "Sue dad did the T.V. stuff to me it screw my thinking up."[2] (*Id.* at 8.) He indicates that he has been hurt by both women, that Sue's father was "mean" to him, and that he wants the women to speak with him. (*Id.*) In the section of the form Complaint that asks for a description of any relief sought, Picozzi alleges that he does not "know what monetary compensation is." (*Id.*)

Picozzi also attached exhibits to his Complaint. One exhibit suggests that Francis Janson is an attorney who Picozzi contacted about his situation. (*Id.* at 10.) Included in the exhibits are letters from Susan McKeown Beccaria (presumably Sue McKeown) and a Theresa McKeown to Picozzi, in which they requested that Picozzi cease and desist "any and all communications" and informed him that if he attempted to contact them again, they would report him to the police.

## II. STANDARD OF REVIEW

The Court will grant Picozzi leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

---

[2] This is not the only lawsuit in which Picozzi has made allegations that others are using the television against him. *See Picozzi v. Guy Peiagelee & Sons*, E.D. Pa. Civ. A. No. 18-2032 (ECF No. 2).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Picozzi is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

At the outset, to the extent Picozzi alleges that others are using the television to affect his mind, his allegations appear to be based on delusions or irrational thoughts. Accordingly, the Court concludes that those allegations, and any claims based on those allegations, are factually frivolous.

To the extent Picozzi intended to bring tort claims under Pennsylvania law, there is no basis for jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the Complaint reflects that the parties are not completely diverse. Accordingly, the Court must dismiss any state claims for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Picozzi's Complaint. Any federal claims brought pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As it appears that Picozzi cannot cure the defects in his claims, he will not be permitted to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.